IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVE WAGNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HENRY SCHEIN, INC., a Delaware corporation; and DOES 1-10.<br><br>Defendants. | Case No.<br><br>(King County Superior Court Case No. 23-2-00733-6 KNT)<br><br>NOTICE OF REMOVAL |

TO:        CLERK OF THE USDC FOR THE WESTERN DISTRICT OF WASHINGTON

AND TO:    PLAINTIFF AND HIS COUNSEL OF RECORD

**PLEASE TAKE NOTICE THAT** Defendant Henry Schein, Inc. ("Defendant" or "HSI"), hereby removes this action from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that there is complete diversity of citizenship between Plaintiff DAVE WAGNER, individually and on behalf of all others similarly situated ("Plaintiff"), and Defendant, Henry Schein, Inc., and the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of

NOTICE OF REMOVAL- 1
(Case No. )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

Removal, all as more fully set forth below:

## I. The State Court Action

1. On or about January 12, 2023, Plaintiff filed the above-entitled action as Case No. 23-2-00733-6 KNT in the Superior Court of Washington for the County of King. Pursuant to LCR 101(b)(1), a true and correct copy of the Complaint is being filed as an attachment to this Notice of Removal.

2. Plaintiff served a copy of the Summons and Complaint on HSI's agent for service of process, Corporate Service Company, on January 13, 2023. A true and correct copy of Corporation Service Company's Service of Process Transmittal is attached to the Declaration of Tyler L. Farmer filed herewith as Exhibit A.

3. The Complaint seeks Plaintiff's and the putative class's alleged damages, based on the alleged imposition of allegedly illegal noncompetition covenants, in violation of RCW 49.62, as well as injunctive and declaratory relief. The Complaint asserts three causes of action. The first cause of action seeks actual damages allegedly caused to Plaintiff, and to the putative class members, by the alleged one-year, noncompetition covenant, and/or statutory penalties. (Compl. ¶¶ 6.1–6.4.) The second cause of action seeks an injunction, enjoining defendant from enforcing the alleged noncompetition covenant. (Compl. ¶¶ 6.5–6.14.) The third cause of action seeks a declaration that the alleged noncompetition covenant is void and unenforceable under Washington law. (Compl. ¶¶ 6.1–6.19.) In addition, the Complaint seeks a statutory award of attorneys' fees under RCW 49.62.080(2) & (3). (Compl. § VII, ¶ 6.)

## II. Removal is Timely, Venue is Proper, and Removal is Proper Under this Court's Diversity Jurisdiction

4. A defendant in a civil action has thirty (30) days to remove an action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

NOTICE OF REMOVAL- 2
(Case No. )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

pleading setting forth the claim for relief upon which such action or proceeding is based.").

5. The present Notice of Removal is timely filed as it is filed within this time limit.

6. Removal to this division of this judicial district is proper under 28 U.S.C. § 1446(a), because it embraces the place where this action was originally pending, namely, the King County Superior Court.  Pursuant to Local Civil Rule 3(e)(1), "cases removed from state court will be initially assigned to the Seattle Division or Tacoma Division according to the county where the action is pending." Because this case was originally filed in the King County Superior Court for the State of Washington, it is removed to the United States District Court for the Western District of Washington at Seattle. LCR 3(e)(1).

7. There is complete diversity in this action, and the Court's Diversity Jurisdiction is properly invoked, through removal, pursuant to 28 U.S.C. § § 1332(a), 1441 and 1446.  Plaintiff is a resident of Washington State (Complaint, ¶ 3.1), and is a citizen of Washington for jurisdictional purposes.  The putative class members, by definition, are limited to Washington State employees of Defendant, who are alleged to have signed agreements identical to Plaintiff's, and whose earnings are less than the amounts specified by statute; class members are defined as:   "…current and former Washington employees of Defendant Henry Schein, Inc. who entered into a noncompetition covenant between January 1, 2020 and the date of final disposition of this matter and whose annual earnings were less than were less than the threshold amount set by RCW 49.62.020(1)(b), as adjusted annually in accordance with RCW 49.62.040." (Complaint, ¶ 5.1).   Such employees reside in Washington or a neighboring state.

8. Defendant is a corporation, and as such, its citizenship for federal diversity jurisdiction and removal is the state in which it is incorporated and the state in which it maintains its principal place of business.   28 U.S.C. § 1332(c).   HSI is incorporated under the laws of the State of Delaware and maintains its principal place of business in New York.

NOTICE OF REMOVAL- 3
(Case No. )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

9. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff was employed by Defendant until on or about January 6, 2023. Plaintiff's gross pay while employed by Defendant in 2022 was $78,322.79. Plaintiff no longer works for Defendant. Plaintiff alleges that, because of the allegedly illegal noncompetition covenant about which Plaintiff complains, Defendant's competitors will not hire him (so they will not pay him these amounts), and he has forgone other opportunities. (Complaint, ¶ ¶ 4.13, 4.14, 4.22, 4.23). Plaintiff seeks monetary damages for his own, personal, alleged losses, as well as the alleged damages of putative class members. (Compl., ¶¶ 6.4, 6.19; § VII, ¶ 5.) Plaintiff's own alleged damages exceed the jurisdictional amount, as aforesaid.

10. Plaintiff also seeks injunctive and declaratory relief, enjoining defendant Henry Schein from enforcing the alleged noncompetition covenant, and from restricting Plaintiff's ability to work, and declaring that the non-competition covenant is void and unenforceable. "In actions seeking declaratory of injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm 'n*, 432 U.S. 333, 347 (1977). "The value of an injunction may not be capable of precise determination, but precision is not required*.*" *Hartstein v. Rembrandt IP Sols.*, LLC, No. 12-2270 SC, 2012 WL 3075084, at *3 (N.D. Cal. July 30, 2012) (internal citations and quotations omitted). In an "action for declaratory relief to invalidate [a] covenant not to compete," courts can "consider[] the salary that Plaintiff could command from one of Defendant's competitors [because it] is a simple and straightforward way to value the object of this litigation." *See, e.g.*, *id.* Plaintiff's prior gross annual earnings were $78,322.79. It "is commonplace" to value such equitable relief by Plaintiff's prior salary because it provides "a reasonable benchmark for his current earnings in a comparable role with a competitor." *Retail Tech, Inc. v. Tolt Sols., Inc.*, No. CV 14-2898 (RHK/HB), 2014 WL 12613312, at *2 (D. Minn. Oct. 10, 2014) (collecting cases); *Stafford-Smith, Inc. v. Schut*, No. 1:12-CV-813, 2012 WL 13028665, at *2 (W.D. Mich. Sept. 24, 2012) (same).

NOTICE OF REMOVAL- 4
(Case No. )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

11. Equitable relief may also be valued by looking at "the cost to the defendants of an injunction running in favor of one plaintiff." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 959 (9th Cir. 2001), which is equal to the "profits earned by the employer on business generated by the employee during the period immediately preceding his termination to determine the amount in controversy." *Hartstein*, 2012 WL 3075084, at *3.

12. Finally, Plaintiff also seeks a statutory award of attorneys' fees under RCW 49.62.080(2) & (3). (Compl. § VII, ¶ 6.) "[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation'". *Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 794 (9th Cir. 2018). *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("Attorney's fees are included in computing the amount in controversy "where an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language.").

13. Defendant asserts that the attorneys' fees in this matter will themselves likely exceed the jurisdictional amount, and that a substantial portion of those fees will be specifically addressed to Plaintiff's individual claims. Defendant reasonably expects significant attorneys' fees in connection with the motion practice that is likely to occur, given the allegations in the complaint, as well as the discovery, hearings and other proceedings. Whether apportioned according to subject matter (ie., Plaintiff's individual claims vs. alleged class claims), or whether Plaintiff is simply allocated an equal share of all fees, Defendant believes that the attorneys' fees allocated to Plaintiff, added to the other amounts in controversy, will well exceed the jurisdictional amount. Plaintiff's allocated share of the fees, even on a pro rata basis, is expected to be significant, since the purported class at issue is very small.

III.   **Notice to State Court and Plaintiff**

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal shall be served promptly on all parties, and a copy of

NOTICE OF REMOVAL- 5
(Case No. )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

the Notice of Removal shall be filed promptly with the Superior Court of the State of Washington for King County, where this action was pending prior to this removal.

15. Pursuant to LCR 101(c), Defendant will, within 14 days, file with the Clerk copies of all additional records and proceedings in state court, if any, together with a verification that the copies are true and correct. True and complete copies of all records and proceedings (in addition to the Complaint) filed in state court on this matter are being filed herewith. (*See* Verification of State Court Records filed contemporaneously herewith.)

**IV.    Conclusion**

16. For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441. Accordingly, Henry Schein, Inc. respectfully requests that the above action now pending against it in King County Superior Court be removed therefrom to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, HSI respectfully requests that the Court issue an Order to Show Cause so that HSI may have an opportunity to more fully brief the Court on the basis for this removal.

DATED this 1st day of February, 2023.

HARRIGAN LEYH FARMER & THOMSEN LLP

By: *s/Tyler L. Farmer*
By: *s/Erica R. Iverson*
By: *s/Elisabeth Read*
    Tyler L. Farmer, WSBA #39912
    Erica R. Iverson, WSBA #59627
    Elisabeth Read, WSBA #59762
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel:   (206) 623-1700
    Fax:   (206) 623-8717
    Email: tylerf@harriganleyh.com
    Email: ericai@harriganleyh.com
    Email: elisabeth.read@harriganleyh.com

**Attorneys for Henry Schein, Inc.**

NOTICE OF REMOVAL- 6
(Case No. )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to LCR 101(b)(2), that below is a list of all counsel and parties who have appeared in this action with their contact information, including email addresses:

| | |
|---|---|
| Timothy W. Emery, WSBA #34078<br>Patrick B. Reddy, WSBA #34092<br>Emery Reddy, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Tel: (206) 442-9106<br>Fax: (206) 441-9711<br>E: emeryt@emeryreddy.com<br>E: reddyp@emeryreddy.com<br><br>*Attorneys for Plaintiff Dave Wagner* | Tyler L. Farmer, WSBA #39912<br>Erica R. Iverson, WSBA #59627<br>Elisabeth Read, WSBA #59762<br>999 Third Avenue, Suite 4400<br>Seattle, WA 98104<br>Tel:   (206) 623-1700<br>Fax:   (206) 623-8717<br>Email: tylerf@harriganleyh.com<br>Email: ericai@harriganleyh.com<br>Email: elisabeth.read@harriganleyh.com<br><br>*Attorneys for Henry Schein, Inc.* |

DATED this 1st day of February, 2023.

*s/Erin Fujita*
Erin Fujita
999 Third Avenue, Suite 4400
Seattle, WA  98104
Tel:  (206) 623-1700
Fax:  (206) 623-8717
Email:  erinf@harriganleyh.com

NOTICE OF REMOVAL- 7
(Case No. )

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717